■ Kathryn R. Schoonmaker, Respondent-Appellant, v. State of New York, Appellant-Respondent. (Claim No. 41795.) — Aulisi, J. Appeal by the State from a judgment of the Court of Claims in favor of claimant for the appropriation of a portion of claimant's real property in the Town of Hurley, Ulster County, about three miles west of the City of Kingston, and cross appeal by claimant on the ground that the award is inadequate. Claimant was the owner of slightly more than 21 acres of land which was bisected by the right of way of the Ontario and Western Railroad with about six acres east of the right of way and 15.2 plus acres west of the right of way. The land on the west was unimproved, had 113 feet frontage on Route 209 and two rights of way over the railroad tracks. The easterly portion of the property had direct access to Schoolhouse Road and thereon was located a stone dwelling and several other buildings. All the land was unzoned. The State appropriated about 6.9

acres from the area west of the railroad and an additional 1.2 acres from the area east of it. After the appropriation, claimant's land east of the railroad had the same street access, but about 6.3 acres of the westerly portion was landlocked by the taking. This left only 2.1 acres with access fronting directly on Route 209. Although there was a difference of opinion among the experts as to the highest and best use of the property, the record contains sufficient evidence to sustain the trial court's finding that "The highest and best use of the property at the time of the appropriation was for residential purposes east of the right of way and commercial purposes west of the right of way, and the highest and best use of the property after the appropriation was the same." We must, however, agree with the State that the court's findings "that the fair and reasonable market value of the subject property before the taking was $106,350; that the fair and reasonable market value of the subject property after the taking was $61,000; and that the amount by which the claimant has been damaged is $45,350; of this amount $24,300 represents direct damage and $21,050 represents severance and consequential damage to the remainder", fail to afford us a basis for proper judicial review because of the lumping together of the figures for the two different parcels, as to which the trial court found differing highest and best uses and the appraisal testimony indicated different values for different uses. We are, therefore, constrained to require additional findings of values and direct and consequential damages with respect to each parcel (see *Conklin* v. *State of New York*, 22 A D 2d 481). The record before us discloses that the testimony of the experts was sufficiently developed and under the circumstances here, we do not deem a new trial necessary. The case should be remanded to enable the trial court to present adequate findings. Determination of appeal withheld and case remitted to the Court of Claims for further proceedings not inconsistent herewith. Upon the making of new or additional findings by the Trial Judge, and the filing of the record thereof in this court, the case will be restored to the calendar. Gibson, P. J., Herlihy, Aulisi, Staley. Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.